UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.                                          CRIMINAL ACTION NO. 3:98-CR-33-CRS

JERRY LEE HOWARD                            DEFENDANT/MOVANT

## MEMORANDUM OPINION

Movant Jerry Lee Howard filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 91). On preliminary consideration under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, the Court ordered Movant to show cause why his motion should not be denied and his action dismissed as untimely.

Movant was convicted of aggravated sexual abuse and first-degree wanton endangerment and sentenced to life imprisonment in 1999. He appealed, and the Sixth Circuit Court of Appeals affirmed in 2000. He did not file a petition for writ of certiorari to the Supreme Court. On November 30, 2015, Movant filed this § 2255 motion.[1] His motion relies on a copy of a docket sheet in a 1998 magistrate judge case which was mailed to him by the Clerk of this Court on November 26, 2014. Movant asserted that his motion should be considered timely because a § 2255 motion could have been filed within the one-year period "if my attorney[] would have been competent and if the court clerk would have sent me the docket sheet with 3-17-1998 information on it before 11-26-2014, some 16 years later, and this Court should consider this motion under 28 USC § 2255 and § 2255(h)(1)[[2]] which could be considered newly discovered evidence."

---

[1] Under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).
[2] This subsection is only applicable where a second or successive § 2255 motion is filed.

Under § 2255, a one-year limitation period applies. The statute provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As the Court explained in its show-cause Order, Movant's conviction became final in late 2001. In 2014, Movant requested copies of all charges filed against him in this Court, including the 1998 case against him in which charges were dismissed. On November 26, 2014, in answer to his inquiry, the Clerk's Office sent a memorandum explaining that Case No. 3:98-MJ-77-CCG was a magistrate case in which a criminal charge was filed against him on March 17, 1998, and the complaint was dismissed on March 24, 1998. That memorandum further explained that because that case was a magistrate case that did not roll into a federal case, the file would have been destroyed after five years and the only record available is the docket sheet.

Movant responded to the Court's Order in a document entitled "Motion to Show Cause Why My Motion Should Not Be Denied" (DN 95). Although this document is titled "motion," it is in fact a response. Movant argues that actual innocence can serve as an exception that may overcome certain procedural defaults like time limits. He asserts that he should not be held

accountable "because of the ignorance and prejudice of this court, prosecutor, the Court Clerk, and my own attorney"; that even though the Constitution forbids double jeopardy, he was placed in jeopardy three times; that he is not an attorney; and that it has taken years to "find out the waters of Justice are very polluted in my case, there is prejudice within this court, the prosecutor, and my attorney, and the Court Clerk that prevented me from getting the documents I needed to prove my claim."

The United States filed a response (DN 96). The United States argues that Movant's recently discovered facts could have been discovered sooner had Movant exercised due diligence. The United States points out that although Movant asserts that he did not discover the docket sheet until 2014, he does not explain why he could not have discovered it earlier. The United States also points out that Movant does not claim that he is actually innocent of the crime of conviction.

Movant filed a reply (DN 97). He argues that the docket sheet "that was deliberately held from petitioner" shows that he was charged twice on the same indictment.

"Under § 2255(f)(4), the one-year limitation period begins to run on the date upon which the facts supporting the claim presented could have been discovered through the exercise of due diligence, not necessarily when they actually were discovered." *Humphreys v. United States*, Nos. 1:04-cv-141, 1:01-cr-193, 2008 WL 4601577, at *11 (E.D. Tenn. Oct. 14, 2008) (citing *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Aside from vague allegations of ignorance of his attorney and prejudice of this Court, Movant offers no reason he could not have discovered the docket sheet sooner. Therefore, the Court finds that the one-year period did not begin to run from Plaintiff's "discovery" of the docket sheet in 2014.

3

Plaintiff also seems to argue that he is actually innocent because he was subjected to double jeopardy. The statute of limitations in 28 U.S.C. § 2255(f) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008); *Knickerbocker v. Wolfenbarger*, 212 F. App'x 426, 431 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Connolly*, 304 F. App'x at 417; *Souter*, 395 F.3d at 590. Without new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Schlup*, 513 U.S. at 316; *Nelloms v. Jackson*, 129 F. App'x 933, 937 (6th Cir. 2005). The actual-innocence equitable tolling exception is rare and may only be applied in extraordinary cases involving factual innocence. *Schlup*, 513 U.S. at 321; *Souter*, 395 F.3d at 590.

Here, Movant's claim that he was subjected to double (or triple) jeopardy is not a claim of actual, *i.e.*, factual, innocence. *See Robinson v. Mackie*, No. 2:11-CV-276, 2011 WL 6090805, at *5 (W.D. Mich. Dec. 6, 2011) (where movant's claim of actual innocence is based on legal arguments concerning his interpretation of the Double Jeopardy Clause, the actual-innocence argument fails) (citing, *inter alia*, *Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007) (per curiam)). The Court finds that Petitioner's § 2255 motion is time-barred.

# CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review, must secure a Certificate of Appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no COA is warranted in this case.

Date: August 2, 2016

                                        **Charles R. Simpson III, Senior Judge**
                                                **United States District Court**

cc:     Defendant/Movant, *pro se*
        Counsel of record
4411.009